IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   CIVIL ACTION 05-0662-WS-C ) |
| TY TY ENTERPRISES, INC., etc., et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiffs' second motion to allow them to pay funds into court. (Doc. 28). Because the plaintiffs represented that the correct resolution of the issue depends upon whether Alabama or Georgia law governs, (*id*. at 2, ¶ 4), the Court ordered briefing on the choice-of-law issue. (Doc. 29). The parties have complied, (Doc. 31 at 1-2; Doc. 33 at 5-6; Doc. 39 at 7-8; Doc. 40 at 3-5),[1] and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the plaintiffs' motion is due to be denied.

The plaintiffs are citizens of New York, Illinois and Florida. (Doc. 1, ¶¶ 1-2). The defendants are Georgia citizens, with the corporate defendants' principal place of business in Georgia. (*Id*., ¶¶ 3-6). Shortly before Hurricane Dennis struck the Gulf Coast in July 2005, the defendants obtained from the plaintiffs a builder's risk policy covering a warehouse project in Atmore, Alabama. (*Id*., ¶¶ 14-15, 19). This suit is a declaratory judgment action filed after the defendants made a claim on the policy for damage caused by Dennis.

The plaintiffs have asserted that the defendants made misrepresentations in their insurance application upon which the plaintiffs relied in issuing the subject policy. Under Alabama law, "[n]o plea of misrepresentation or fraud in connection with the issuance of a life insurance policy or annuity contract shall be filed unless accompanied by a payment into court of

---

[1]The only defense briefing has come from Ty Ty Enterprises, Inc. and Gerald Donald Clark. For convenience, the Court attributes all defense arguments to "the defendants."

all premiums paid on the policy or contract." Ala. Code § 27-14-7(b).[2]  Georgia law apparently has no similar provision.  *See* Ga. Code § 33-24-7 *and* Doc. 28 at 2, ¶ 4.  Thus, in order to prevail on their motion, the plaintiffs must show that Alabama law controls the deposit of funds with the Court.  The defendants insist that Georgia law governs.  (Doc. 31 at 1-2).[3]

The parties agree that in this diversity case the Court must employ the choice-of-law rules of Alabama.[4]  They also agree that the general Alabama rule is that the interpretation of a contract (which they construe to include the issue of payment into court) looks to the law of the state where the policy was delivered to the insured.  They agree as well that the general rule would require application of Georgia law.  (Doc. 33 at 5; Doc. 39 at 7).  The plaintiffs, however, cite two exceptions to Alabama's general rule, triggered when: (1) the parties intend the law of some other state to govern; or (2) the contract is to be performed primarily in some other state.  (Doc. 39 at 7).

The second exception actually applies only when the contract is to be performed "wholly" in another state.  *Ex parte Owen*, 437 So. 2d 476, 481 (Ala. 1983).   Under either formulation, the exception does not apply here.  The plaintiffs emphasize that the insured risk involves property in Alabama.  (Doc. 39 at 8).  That is indeed the location of the defendants' performance under their construction contract to build a warehouse, but is not the location of the parties' performance under the insurance contract.  The defendants' performance thereunder consists primarily of making premium payments, and there has been no showing and no explanation why Georgia residents or Georgia corporations with their principal places of business in Georgia would send premiums from an Alabama construction site.  Likewise, the plaintiffs' performance consists primarily of making payments on valid claims, and there has

---

[2]Although this provision appears by its terms to be limited to life insurance policies and annuity contracts, neither of which is involved in this case, the plaintiffs insist that the same requirement applies to the builder's risk policy they provided.  (Doc. 28 at 2, ¶ 4).

[3]The plaintiffs themselves initially urged that "Georgia law likely applies" to this issue.  (Doc. 28 at 2, ¶ 4).  After being confronted with other, less appealing aspects of Georgia law, however, they reversed course.

[4]At least implicitly, they agree that the court payment provision is substantive rather than procedural and thus potentially applicable in a diversity action in federal court.

been no showing and no explanation why these foreign entities would send such payments to a construction site in Alabama rather than to the defendants' offices or residences in Georgia.  *See Cincinnati Insurance Co. v. Girod*, 570 So. 2d 595, 597 (Ala. 1990)(applying Alabama law because the policy was issued in Alabama, even though the loss occurred in Louisiana).

To establish the intent of the parties that Alabama law govern the construction of the contract, the plaintiffs cite to an endorsement styled, "Alabama changes - actual cash value." (Doc. 39 at 8 & Exhibit I).  They argue that it would render the provision meaningless not to construe it as manifesting the parties' intent that Alabama law govern the policy.  However, the provision — which simply defines actual cash value — plainly carries the same definition regardless of what state's law controls the construction of the contract, so that use of Georgia law does not render the provision meaningless.  To the extent the plaintiffs suggest that the mere use of the word "Alabama" in the heading of the endorsement establishes the parties' intent that Alabama law control the contract, "the caption of a provision ... does not alter the meaning of the contents of the document — it does not control the interpretation or construction of the document ...."  *Wayne J. Griffin Electric, Inc. v. Dunn Construction Co.*, 622 So. 2d 314, 317 (Ala. 1993).  Moreover, for all that appears, the endorsement would seem to have been included only because the covered property is located in Alabama, not because the parties intended Alabama law to control the policy's construction.  Finally, the plaintiffs have not rebutted or even addressed the defendants' assertion that Alabama courts have applied this exception only when the contract contains an express choice-of-law provision.  (Doc. 40 at 4).  *See also Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991)("Alabama follows the principle of 'lex loci contractus,' which states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted *with reference to the laws of another jurisdiction*.")(emphasis added).

In short, the parties agree that Georgia law controls unless one of two exceptions to Alabama's general rule applies.  Because neither applies, Georgia law controls.  Because Georgia law controls, Alabama's provision for making payment into court does not apply.  Accordingly, the plaintiffs' second motion to pay funds into court is **denied**.

DONE and ORDERED this 8th day of May, 2006.

                                                                s/ WILLIAM H. STEELE
                                                                UNITED STATES DISTRICT JUDGE