IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 05-0662-WS-C ) |
| TY TY ENTERPRISES, INC., etc., et al., | ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the motion of defendants Ty Ty Enterprises, Inc. ("Ty Ty") and Gerald Donald Clark to strike and for judgment on the pleadings. (Doc. 32).[1] The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 33-35, 39-41), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

BACKGROUND

The complaint reveals the following salient points. The plaintiffs are an insurance company and an independent insurance brokerage. Ty Ty, through C&S Builders ("C&S") is in the business of constructing prefabricated metal buildings, and Clark is apparently a principal of C&S. The plaintiffs brought this declaratory judgment action after the defendants filed a claim for benefits under a builder's risk policy issued on a warehouse construction project a few days before Hurricane Dennis damaged it on July 10, 2005. The plaintiffs believe the policy was obtained based on a false representation that construction had not begun (which allowed issuance of the policy without the underwriting review required for projects attaining a certain degree of completion) and on related representations as to construction start and completion dates. The

---

[1]Two defendants do not join in this motion. For convenience, the Court nevertheless refers to the movants as "the defendants."

plaintiffs believe the defendants made other, similar misrepresentations after the loss, in connection with the claim.  Count One demands rescission of the policy based on misrepresentations in the application.  Counts Two and Three assert the policy is void based on misrepresentations made before and/or after the loss.  Count Four demands rescission based on violation of the policy's cooperation clause.   (Doc. 1 at 1-7).

The defendants filed a counterclaim for policy benefits, (Doc. 17 at 8-10), and the plaintiffs asserted as a defense that they are entitled to rescind the policy based on the same misrepresentations alleged in the complaint.  (Doc. 23 at 2).  The pending motion is one to strike the plaintiffs' defenses based on misrepresentation and for judgment on the pleadings with respect to the plaintiffs' claims in the complaint for rescission.  (Doc. 32).

## DISCUSSION

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. [citation omitted] We must accept all facts in the complaint as true and view them in the light most favorable to the plaintiffs." *Moore v. Liberty National Life Insurance Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)(internal quotes omitted).  Beyond the complaint, only judicially noticed facts can be considered. *Hawthorne v. Mac Adjustment, Inc*., 140 F.3d 1367, 1370 (11th Cir. 1998).  If other materials are presented and not excluded, the motion is converted into one for summary judgment.  Fed. R. Civ. P. 12(c).  The Court hereby excludes from consideration all evidentiary materials presented by the parties.

"Courts disfavor the motion to strike ...." 2 J. Moore, Moore's Federal Practice § 12.37[1] (3rd ed. 2000).  "[T]he movant must make a strong showing to succeed in striking an affirmative defense.  It should be stricken only where it is [legally] insufficient on the face of the pleadings."  *Id*. § 12.37[4]; *accord Fabrica Italiana Lavorazione Materie Organiche v. Kaiser Aluminum & Chemical Corp*., 684 F.2d 776, 779 (11th Cir. 1982)(the defense must be insufficient "as a matter of law").

### A. Rescission.

The complaint was filed November 14, 2005.  As noted, in Counts One and Four the

plaintiff insurer expressly "demands rescission of the policy." (Doc. 1, ¶¶ 27, 39). The plaintiffs first attempted to disgorge the premium paid on the policy by filing a motion to pay funds into court on February 23, 2006. (Doc. 24).

"A contract may be rescinded at the instance of the party defrauded; but, in order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract if it is of any value." Ga. Code § 13-4-60.[2] The defendants argue that the plaintiffs violated this provision, and lost any right to pursue rescission, by filing a complaint seeking rescission without simultaneously or previously tendering back to the defendants the premium paid for the policy. (Doc. 33 at 6-7; Doc. 40 at 3, 11).

The defendants cite a single authority for the proposition that filing suit for rescission without simultaneously or previously tendering a return of the premium eliminates the rescission option. In *Weems v. American National Insurance Co.*, 29 S.E.2d 500 (Ga. 1944), the insured on a life insurance policy represented in his application that he had no physical defects and had not suffered from any illness or disease in the past five years. When he died 11 days after the policy issued, the beneficiary so notified the insurer and attached a sworn statement from the attending physician. The doctor reported that the insured had died from malnutrition incident to tuberculosis and that the insured had suffered from the latter condition for approximately one year. The insurer then waited almost six months to notify the beneficiary that the policy was nullified by the insured's misrepresentation as to his medical condition. The insurer tendered the premium to the beneficiary but not to the personal representative of the deceased insured who had paid the premium. The insurer then brought suit seeking rescission of the policy. *Id*. at 494-95. Under these facts, the Supreme Court easily concluded that the insurer's "fail[ure] to allege a tender of the premiums to the legal representative of the deceased insured" (or even to join him as a party) should have caused the trial court to sustain the beneficiary's demurrer on that ground. *Id*. at 497-98.

*Weems* does not articulate the rule urged by the defendants, and no published case has

---

[2]The Court has by separate order addressed and rejected the plaintiffs' contention that the Georgia provision is inapplicable because Alabama law governs.

ever attributed this principle to it.  Nor may such a rule be teased from the opinion or its facts.  On the contrary, *Weems* reflects at most that a failure to make tender to the correct party within half a year of discovering the fraud, fails to satisfy Section 13-4-60.  It is to that provision that the Court must turn.

Section 13-4-60 contains two phrases central to determining when tender must occur.  The first phrase is "discovery of the fraud"; until such discovery, the clock on tender does not begin to run.  The second phrase is "promptly ... upon"; once there has been discovery of the fraud, the tender clock begins to run, and it expires if tender is not made "promptly."  Unfortunately, the defendants have not grappled with the meaning of these critical terms.  The Court's own non-exhaustive research reveals that they are subject to interpretations that defeat the defendants' motion.

In describing the degree of awareness of the grounds for rescission that must be present before a party can be held by its conduct to have affirmed a rescindable contract, the Georgia courts have routinely employed the term, "full knowledge of the material circumstances of the case."  *E.g., State Highway Department v. Hewitt Contracting Co.*, 146 S.E.2d 632, 634 (Ga. 1966)*; Marrale v. Gwinnett Place Ford*, 609 S.E.2d 659, 662 (Ga. App. 2005).  It is not immediately apparent how the degree of awareness of the fraud needed to trigger waiver of rescission by failure to tender could be less than the degree of awareness needed to trigger waiver of rescission by re-affirmation of the contract.  Thus, for purposes of the present motion the Court assumes that "discovery of the fraud" under Section 13-4-60 occurs when there is "full knowledge of the material circumstances of the case."

The complaint does not set forth facts sufficient to show that the plaintiffs had, either at the time of filing the complaint or at any other time, full knowledge of the material circumstances of the alleged misrepresentations.  Indeed, the complaint does not address the plaintiffs' degree of awareness of the fraud or the timing of such awareness at all, but simply asserts as a conclusion that the misrepresentations were made and cooperation not forthcoming.[3]

---

[3]The mere filing of a complaint alleging misrepresentations and seeking rescission does not, of itself, establish that the plaintiffs had full knowledge of the material circumstances, as parties may and often do file lawsuits based on the fruits of reasonable investigation falling far short of full knowledge.  Because the Court must view the allegations of the complaint in the

As the defendants have not requested that any facts be judicially noticed, and as the Court declines to convert the pending motion into one for summary judgment by considering evidentiary materials beyond the complaint, the motion for judgment on the pleadings concerning rescission must necessarily be denied. Likewise, the motion to strike the affirmative defense raising rescission must be denied, since the defendants have not shown it to be legally insufficient on the face of the pleadings.

The same result obtains upon consideration of the second critical statutory term. "The word 'promptly,' as used in [the predecessor of Section 13-4-60], means within a reasonable time," *Equitable Building & Loan Association v. Brady*, 156 S.E. 222, 226 (Ga. 1930), and "the question as to what is a reasonable time or proper time within which to rescind a contract depends upon the facts of the particular case and is ordinarily a question for the jury." *Mitchell v. Backus Cadillac-Pontiac, Inc.*, 618 S.E.2d 87, 97 (Ga. App. 2005); *accord Marrale v. Gwinnett Place Ford*, 609 S.E.2d at 663. Nothing on the face of the complaint or the answer to the defendants' counterclaim establishes as a matter of law that the plaintiffs did not proceed promptly within the contemplation of Section 13-4-60. Thus, the defendants' motion for judgment on the pleadings and motion to strike must be denied.

### B. Misrepresentation.

As noted, in addition to seeking rescission of the contract, the plaintiffs seek to have the contract declared void based on misrepresentations made during the application process and/or in connection with the claim. The defendants' only argument is that the plaintiffs are estopped to pursue this defense because they "have taken a position inconsistent with the legal defense of misrepresentation by not tendering the premium to Defendants promptly upon learning of the alleged misrepresentation," which tender they believe should have been accomplished prior to or contemporaneously with filing suit. (Doc. 33 at 8; Doc. 40 at 10-11).

The defendants' impression that failure to tender return of premium is fatal to a misrepresentation defense is mistaken. "In an early decision, our Supreme Court determined that

---

light most favorable to the plaintiffs, it must assume that the plaintiffs' allegations are based on something less than full knowledge of the material circumstances.

it is not a prerequisite for an insurance company to return an insured's premiums in order to assert the defense that an insurance contract is void due to fraud in the inducement." *Lively v. Southern Heritage Insurance Co.*, 568 S.E.2d 98, 100 (Ga. App. 2002). The actual rule is that an estoppel to assert the defense of misrepresentation can arise "if [the insurer] did not act promptly, upon learning of the fraud, to rescind the contract but instead treated it as valid and enforceable." *Id*. The failure to return premiums is but one factor to be considered in determining whether an estoppel (or waiver) has arisen. *Id*. at 101. Viewed simply as a factor for consideration, even a retention of premium stretching several years "is not dispositive." *Florida International Indemnity Co. v. Osgood*, 503 S.E.2d 371, 373 (Ga. App. 1998). Thus, the pleadings do not on their face reflect that the misrepresentation defenses are invalid as a matter of law.[4]

## CONCLUSION

Whether the plaintiffs' quest for rescission or avoidance could be ended at this or a later stage of the litigation under different arguments, authorities or procedural vehicles is not before the Court. For the reasons set forth above, the defendants' motion to strike and for judgment on the pleadings is **denied**.

DONE and ORDERED this 8th day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4]The Court notes that the plaintiffs' misrepresentation defenses are based in part on misrepresentations occurring in connection with the claim. It is far from clear that a failure to tender premium is ever relevant in that situation. *See Massachusetts Bay Insurance Co. v. Hall*, 395 S.E.2d 851, 855 (Ga. App. 1990)("It would be anomalous to say that by keeping the premium for the policy, the insurer was thereby forfeiting or waiving its right to rely on the policy provision which excluded coverage for misrepresentation in claims under the policy.").